**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**AT KANSAS CITY**

| | |
|---|---|
| Monopoly Acquisitions, LLC<br>A Missouri Limited Liability Company,<br><br>and<br><br>Odessa Ford, LLC<br>A Missouri Limited Liability Company,<br><br>and<br><br>Odessa Chrysler Jeep Dodge, LLC<br>A Missouri Limited Liability Company<br><br>Plaintiffs<br><br>v.<br><br>T.E.N. Investments, Inc.<br>A Kansas Corporation,<br><br>Serve: CT Corporation System<br>Registered Agent<br>120 South Central Avenue<br>Clayton, MO, 63105<br>and<br><br>Anthony Soave<br>An Individual<br><br>Serve: 423 Lake Shore Dr.<br>Grosse Pointe Farms, MI<br>48236<br><br>and<br><br>Darlene Soave<br>An Individual<br><br>Serve: 423 Lake Shore Dr.<br>Grosse Pointe Farms, MI<br>48236 | Case No. 07-2161 CM<br><br>**COMPLAINT, DEMAND FOR JURY TRIAL, AND DESIGNATION OF PLACE OF TRIAL** |

and

Andrea Soave
An Individual

Serve: 423 Lake Shore Dr.
Grosse Pointe Farms, MI
48236

and

Angelique Soave
An Individual

Serve: 423 Lake Shore Dr.
Grosse Pointe Farms, MI
48236

and

Bryant M. Frank
An Individual

Serve: 6018 Glen Eagles
West Bloomfield, MI 48232

and

Kathleen B. McCann
An Individual

Serve: 1394 Memory Lane
Milford, MI 48381

and

Richard Brockhaus
An Individual

Serve: 47321 Autumn Park Court
Novi, MI 48374

and

Michael Hollerbach

| | |
|---|---|
| An Individual | ) |
| | ) |
| Serve: 5 Baker Lane | ) |
| Grosse Pointe, MI 48230 | ) |
| | ) |
| and | ) |
| | ) |
| Michael L. Piesko | ) |
| An Individual | ) |
| | ) |
| Serve: 4349 Shoreview | ) |
| Whitmore Lake, MI 48189 | ) |
| | ) |
| and | ) |
| | ) |
| Yale Levin | ) |
| An Individual | ) |
| | ) |
| Serve: 23060 Bittersweet | ) |
| Southfield, MI 48034 | ) |
| | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' COMPLAINT, DEMAND FOR JURY TRIAL AND DESIGNATION OF PLACE OF TRIAL**

Monopoly Acquisitions, LLC, Odessa Ford, LLC, and Odessa Chrysler Jeep Dodge, LLC, for their claims against T.E.N. Investments, Anthony Soave , Kathleen McCann, Bryant Frank,, Richard Brockhaus, Michael Hollerbach, Michael Piesko, Yale Levin, Andrea Soave, Angelique Soave, and Darlene Soave, state and allege as follows:

1. Monopoly Acquisitions, LLC, ("Buyer") is a Missouri limited liability company with its principal place of business at 1001 W. Highway 40, Odessa, Lafayette County, Missouri.

2. Odessa Ford, LLC, is a Missouri limited liability company with its principal place of business at 1001 W. Highway 40, Odessa, Lafayette County, Missouri.

3. Odessa Chrysler Jeep Dodge, LLC, is a Missouri limited liability company with its principal place of business at 1001 W. Highway 40, Odessa, Lafayette County, Missouri.

4. T.E.N. Investments, Inc. ("Seller") is a Kansas corporation with its principal place of business at 9400 W. 65th St., Merriam, Johnson County, Kansas.

5. Anthony Soave is an individual domiciled in Grosse Pointe Farms, Michigan, who was at all relevant times an officer, director or shareholder of Seller.

6. Darlene Soave is an individual domiciled in Grosse Pointe Farms, Michigan, who was at all relevant times an officer, director or shareholder of Seller.

7. Andrea Soave is an individual domiciled in Grosse Pointe Farms, Michigan, who was at all relevant times an officer, director or shareholder of Seller.

8. Angelique Soave is an individual domiciled in Grosse Pointe Farms, Michigan, who was at all relevant times an officer, director or shareholder of Seller.

9. Bryant Frank is an individual domiciled in West Bloomfield, Michigan, who was at all relevant times an officer, director or shareholder of Seller.

10. Kathleen McCann is an individual domiciled in Milford, Michigan, who was at all relevant times an officer, director or shareholder of Seller.

11. Michael Hollerbach is an individual domiciled in Grosse Pointe, Michigan, who was at all relevant times an officer, director or shareholder of Seller.

12. Michael Piesko is an individual domiciled in Whitmore Lake, Michigan, who was at all relevant times an officer, director or shareholder of Seller.

13. Richard Brockhaus is an individual domiciled in Novi, Michigan, who was at all relevant times an officer, director or shareholder of Seller.

14. Yale Levin is an individual domiciled in Southfield, Michigan, who was at all relevant times an officer, director or shareholder of Seller.

15. Jurisdiction is proper in this Court because the parties are diverse and the amount in controversy exceeds $75,000. 28 USC 1332(a).

16. Venue is proper in this Court because the Seller is a citizen of this State.

**FACTS COMMON TO ALL COUNTS**

17. Seller and Buyer entered into an Asset Sale and Purchase Agreement dated July 6, 2005, which is incorporated by this reference.

18. Seller and Buyer entered into a First Amendment to Asset Sale and Purchase Agreement dated July 21, 2005, which is incorporated by this reference. These two documents comprise the "Agreement" that is the subject of this action.

19. Buyer assigned its interests in the Assets acquired through the Agreement to Odessa Ford, LLC and Odessa Chrysler Jeep Dodge, LLC, upon the respective formation of those entities.

20. By this Agreement, Seller sold to Buyer the Assets associated with its automotive sales business operated as "Heritage Motors."

21. Pursuant to the Agreement, Seller expressly represented that it "shall continue to operate the Business and shall continue to maintain the Assets in the usual and ordinary course."

22. Pursuant to the Agreement, Seller expressly represented that there would be no material change in the Assets before the Closing Date of January 16, 2006.

23. Pursuant to the Agreement, a condition precedent to Buyer's obligations was that there be "no material adverse change in the Business, Assets, liabilities, results of operations, or prospects of Seller during the period from the date of this Agreement to the Closing Date."

24. At the Closing Date, Buyer was unaware of any material change in the Assets or the operation of the Business, or the prospects of Seller.

25. At the Closing Date, Seller made no disclosure of any material change in the Assets or the operation of the Business, or the prospects of Seller.

26. Upon information and belief, contrary to Seller's express representations, Seller operated the business and maintained the Assets in a manner other than the usual and ordinary course through the Closing Date.

27. Upon information and belief, Seller and each of the defendants knew or should have known that the representations that Seller would continue to operate the Business, would continue to maintain the Assets in the usual and ordinary course, and that there would be no material changes in the Assets or the operation of the Business or the prospects of Seller, were material to Buyer and that Buyer had a right to and did rely upon those representations in entering into the Agreement.

28. Instead of operating the Business and maintaining the Assets in the usual and ordinary course, Seller engaged in a massive build up of inventory. The inventory ordered by Seller during this period was in excess of three times the normal inventory of Seller's failing business, approximately $2 million compared to approximately $7 million.

29. Seller and each of the defendants knew or should have known that Seller's employees would be called upon to perform Seller's promises in the Agreement and yet Seller and the defendants failed to take any steps to instruct or supervise the employees' conduct to enable Seller to comply with its promises.

30. Seller made these promises recklessly without knowledge concerning whether they would be fulfilled.

31. Each of Seller's employees acted as an agent of Seller in operating the business during the term of the Agreement and acted within the agents' authority or the agents' actions were ratified by Seller and each of the defendants.

32. Upon information and belief, Seller and each of the defendants knew or should have known that Buyer's reasonable expectation of receiving a financial benefit from this transaction was dependent upon Seller performing as promised and that these promises were therefore material.

33. Upon information and belief, if Seller and each of the defendants were not aware of these facts, they entered into the Agreement with reckless disregard for Buyer's rights and Seller's responsibilities.

34. Seller and each of the defendants thereby induced Buyer reasonably to rely upon these representations and to enter into the Agreement.

35. Plaintiffs have been damaged thereby in an amount in excess of $75,000.

36. The Agreement contains a limitation on the damages for which Buyer may recover that are caused by Seller's breach of its obligations or the falsity of Seller's representations and warranties. This limitation on damages is unconscionable on these facts.

**COUNT I BREACH OF CONTRACT**

37. Plaintiffs incorporate the allegations of paragraphs 1 – 36 as though set forth in full.

38. Seller breached the contract.

39. Plaintiffs were damaged thereby.

40. Plaintiffs have taken all reasonable steps to mitigate their damages.

## COUNT II NEGLIGENT MISREPRESENTATION

41. Plaintiffs incorporate the allegations of paragraphs 1 - 40 as though set forth in full.

42. Defendants negligently misrepresented their intentions, the facts, the Business, and the Assets.

43. Plaintiffs were damaged thereby.

## COUNT III INTENTIONAL MISREPRESENTATION

44. Plaintiffs incorporate the allegations of paragraphs 1 - 43 as though set forth in full.

45. Seller and each of the defendants intentionally misrepresented their intentions, the facts, the Business, and the Assets.

46. Seller and each of the defendants had no intention of performing the promises in the Agreement at the time the promises were made or entered into the Agreement with reckless disregard of whether they would perform them.

47. Buyer reasonably relied and acted upon Seller's promises.

48. Plaintiffs were damaged thereby.

## COUNT IV FRAUD BY SILENCE

49. Plaintiffs incorporate the allegations of paragraphs 1 - 48 as though set forth in full.

50. At the Closing Date, Seller and each of the defendants had knowledge of material facts that Buyer did not have and which Buyer could not have discovered by the exercise of reasonable diligence.

51. Defendants were under an obligation to communicate the material facts to Buyer.

52. Defendants intentionally failed to communicate to Buyer the material facts.

53. Buyer justifiably relied on defendants to communicate the material facts to Buyer.

54. Plaintiffs sustained damages as a result of defendants' failure to communicate this to Buyer.

WHEREFORE, Plaintiffs Monopoly Acquisitions, LLC, Odessa Ford, LLC and Odessa Chrysler, Jeep Dodge, LLC, respectfully request that this Court: (1) enter its judgment on all Counts of the Petition in favor of Plaintiffs and against Defendants jointly and severally; (2) award Plaintiffs their damages in an amount to be proven at trial, but at least $75,000, against Defendants jointly and severally; (3) award Plaintiffs punitive damages in an amount adequate to punish defendants, jointly and severally, and to deter others; (4) award Plaintiffs pre-judgment interest; (5) award Plaintiffs post-judgment interest at the highest statutory rate; (5) award Plaintiffs the costs of this action; and (7) grant Plaintiffs such other and further relief as the Court deems just and proper.

## JURY DEMAND

Monopoly Acquisitions, LLC, Odessa Ford, LLC, and Odessa Chrysler, Jeep, Dodge, LLC demand a jury trial on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Monopoly Acquisitions, LLC, Odessa Ford, LLC, and Odessa Chrysler, Jeep, Dodge, LLC, hereby designate Kansas City, Kansas, as the place for trial.

Respectfully submitted,

McDOWELL, RICE, SMITH & BUCHANAN
*A Professional Corporation*

By: /a/ Rhonda Smiley
Rhonda Smiley MO #31604 - KS Fed. #70479
605 West 47th Street, Suite 350
Kansas City, Missouri 64112-1905
Telephone: (816) 753-5400
Direct: (816) 960-7325
Facsimile: (816) 753-9996
rsmiley@mcdowellrice.com
**ATTORNEYS FOR PLAINTIFFS**