IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MONOPOLY ACQUISITIONS, LLC,** ) <br> **ODESSA FORD, LLC, ODESSA** ) <br> **CHRYSLER JEEP DODGE, LLC,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **T.E.N. INVESTMENTS, INC., et al.,** ) <br> ) <br> **Defendants.** ) <br> ) | CIVIL ACTION <br><br> No. 07-2161-CM |

## MEMORANDUM AND ORDER

Plaintiffs bring this action alleging that defendant T.E.N. Investments, Inc. ("T.E.N.") breached a contract with plaintiff Monopoly Acquisitions, LLC ("Monopoly") and that defendant T.E.N. and its officers, directors, and shareholders (the "individual defendants") committed negligent or intentional misrepresentation and fraud by silence. Specifically, plaintiffs allege that defendant T.E.N. entered into an asset sale and purchase agreement with plaintiff Monopoly, by which defendant T.E.N. sold to plaintiff Monopoly the assets associated with its automotive sales business operated as "Heritage Motors." Plaintiff Monopoly assigned its interests in the assets to plaintiffs Odessa Ford, LLC ("Odessa Ford") and Odessa Chrysler Jeep Dodge, LLC ("Odessa Chrysler"). In the agreement, defendant T.E.N. expressly represented that it "shall continue to operate the Business and shall continue to maintain the Assets in the usual and ordinary course," but plaintiffs allege that defendant T.E.N. secretly engaged in a massive build-up of inventory, effecting a material change in assets and the operation of the business. Plaintiffs allege that defendants misrepresented and failed to disclose their activities to plaintiffs.

The case is before the court on Defendants' Partial Motion to Dismiss (Doc. 15). Defendants ask the court to dismiss all counts except the breach of contract claim against defendant T.E.N., arguing that: (1) the court lacks personal jurisdiction over the individual defendants because they are merely officers, directors, and/or shareholders; (2) the tort claims are a prohibited attempt to recast a contract claim as tort claims; (3) the tort claims are not pleaded with requisite particularity; and (4) plaintiffs Odessa Ford and Odessa Chrysler cannot pursue tort claims because they are assignees of contractual benefits. For the following reasons, the motion is granted.

**A. Personal Jurisdiction**

A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). To demonstrate personal jurisdiction sufficient to defeat a motion to dismiss, a plaintiff need only make a prima facie showing that jurisdiction exists. *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987). In ascertaining the facts necessary to establish jurisdiction, the court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the defendant's affidavits. *Id*. The plaintiff, however, has the "duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The complaint and any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. *Fed. Deposit*, 959 F.2d at 174.

Here, none of the parties has submitted affidavits in support of his or her position. The court therefore looks to the allegations in plaintiffs' complaint to determine whether it has personal jurisdiction over the individual defendants. Although the parties make several statements relevant to

the court's personal jurisdiction in their briefs, the court has not considered statements which are not in the complaint or otherwise properly supported.

In analyzing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the court must determine whether the defendant's conduct falls within one of the provisions of the Kansas long-arm statute, K.S.A. § 60-308, and whether the exercise of jurisdiction would offend the constitutional guarantee of due process. *See Equifax Servs., Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir. 1990). But "these inquiries are for all intents and purposes the same because the Kansas long-arm statute . . . has been liberally construed by the Kansas courts to assert personal jurisdiction to the full extent permitted by the due process clause." *Flannagan v. Bader*, 905 F. Supp. 933, 936 (D. Kan. 1995) (citing *Thompson v. Chambers*, 804 F. Supp. 188, 195 (D. Kan. 1992)). The court therefore proceeds directly to the constitutional inquiry. *See OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1090 (10th Cir. 1998) (citation omitted); *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1304 (10th Cir. 1994).

Plaintiffs do not argue that the court has general jurisdiction over the individual defendants. Accordingly, the court only looks at whether it has specific jurisdiction over defendants.

To determine whether specific jurisdiction is appropriate, the court must first decide whether the defendant has such minimum contacts within the forum state "that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Second, the court must then consider whether the exercise of personal jurisdiction offends "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Calif., Solano County*, 480 U.S. 102, 113 (1987).

A plaintiff meets the minimum contacts requirement by showing that (1) the defendant purposely availed himself of the privilege of conducting activities within the forum state—thereby

invoking the benefits and protections of the state's laws—and (2) the claims against him arise out of or relate to those contacts. *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996) (citation omitted).

Plaintiffs allege in their complaint that the individual defendants are domiciled in Michigan. They also allege that each individual defendant was an officer, director, or shareholder of defendant T.E.N., which is a Kansas corporation with its principal place of business in Kansas. Plaintiffs do not connect the individual defendants' positions as officers, directors, and/or shareholders to any specific acts committed in Kansas. Rather, plaintiffs generally allege that (1) each of the individual defendants knew or should have known that defendant T.E.N. made misrepresentations to plaintiff Monopoly; (2) they failed to instruct or supervise defendant T.E.N.'s employees to ensure that defendant T.E.N. complied with its promises; (3) they ratified employees' actions in operating the business; (4) they induced plaintiff Monopoly to reasonably rely on certain representations to enter into the agreement; (5) they negligently or intentionally misrepresented their intentions, facts, business, and assets to plaintiff Monopoly; and (6) they intentionally committed fraud by silence.

All of the allegations against the individual defendants are stated in general terms. They state no specific place or date they occurred. They speak of no specific instances from which the court could ascertain that defendants were acting in Kansas at the time of the events. The only connection to Kansas is defendant T.E.N.'s presence in Kansas. Plaintiffs themselves are Missouri corporations. The complaint does not specify where the automotive sales business operated as "Heritage Motors" is located. Moreover, plaintiffs do not allege that the individual defendants placed phone calls, sent letters, traveled to Kansas, or took any other actions to purposefully avail themselves of the privilege of conducting activities in Kansas. Although the court construes the complaint in the light most favorable to plaintiffs, the complaint does not give the court enough

-4-

details from which to construe it favorably.  The allegations of committing fraud by silence, for example, suggest that such inaction was taken where the individual defendants resided—in Michigan.  There is nothing from which the court can infer that this inaction, or any of the other alleged actions, occurred in Kansas.  In any event, "nonfeasance is not enough to subject the defendant directors to personal jurisdiction. . . ."  *Farr v. Designer Phosphate & Premix Int'l, Inc.*, 777 F. Supp. 890, 892 (D. Kan. 1991).

Plaintiffs argue that the court has personal jurisdiction over the individual defendants under an agency theory: through their agency or instrumentality—defendant T.E.N.—the individual defendants transacted business in Kansas, committed a tortious act in Kansas, and acted within Kansas as an officer or director of a Kansas corporation.  But merely being an officer, director, or shareholder of a business is not enough.  *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) ("[J]urisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him. . . ."); *Schlattler v. Mo-Comm Futures, Ltd.*, 662 P.2d 553, 560 (Kan. 1983) (stating that the phrase in the Kansas long-arm statute "acting within this state" requires something more than merely serving as a director, manager, or other officer).  Jurisdiction over officers of a corporation must be based on their personal, not representative, contacts with the forum state.  *See Ten Mile Indus. Park*, 810 F.2d at 1527.

Plaintiffs also argue that individual defendant Anthony Soave signed the contract between defendant T.E.N. and plaintiff Monopoly as a representative of T.E.N.  This shows that defendant Soave was active in the transaction, but there are no allegations that the contract was signed in Kansas or that the subject matter of the contract was even in Kansas.  The court notes that the agreement that plaintiffs attached to their response is not the original agreement—it is the First Amendment to Asset Sale and Purchase Agreement.  None of the parties have provided the court

with a copy of the original agreement at issue in this case.

Because plaintiffs have failed to meet their burden of establishing a prima facie case that minimum contacts exist between the individual defendants and the state of Kansas, the court need not determine whether plaintiffs' claims arise out of or relate to such contacts or whether the exercise of personal jurisdiction offends traditional notions of fair play and substantial justice.

Plaintiffs ask the court to give them leave to amend their complaint if the court determines that they have not made sufficient allegations. But plaintiffs have not supplied a proposed amended complaint or indicated what facts they can allege that will show that the court has personal jurisdiction over the individual defendants. The court denies plaintiffs' informal request to amend their complaint without prejudice. The dismissal of the individual defendants is also without prejudice, *see Hollander v. Sandoz Pharms. Corp.*, 289 F.3d 1193, 1216–17 (10th Cir. 2002) (holding that a dismissal for lack of personal jurisdiction should be without prejudice), and the court will consider a timely-filed and properly-supported motion to amend at a later date, if appropriate.

**B. Whether Plaintiffs Recast Plaintiff Monopoly's Contract Claim as Tort Claims**

Defendants next argue that plaintiffs' tort claims are improper attempts to recast plaintiff Monopoly's breach of contract claim as torts. They move to dismiss plaintiffs' tort claims pursuant to Fed. R. Civ. P. 12(b)(6).

Defendants represent, and plaintiffs do not dispute, that the agreement provides that Missouri law governs actions arising out of the contract. "The courts in Missouri have never recognized a mere breach of contract as providing a basis for tort liability." *Preferred Physicians Mutual Mgmt. Group v. Preferred Physicians Mutual Risk Retention*, 918 S.W.2d 805, 814 (Mo. Ct. App. 1996). "[I]f the act done independent of the contract would result in a tort, it will continue to do so." *Khulusi v. Sw. Bell Yellow Pages Inc.*, 916 S.W.2d 227, 230 (Mo. Ct. App. 1995). On the other

hand, "[i]f absent a contract the act would not be a tort, the mere breach of an agreement will not create one." *Id.* "[T]he character of the action, whether tort or contract," depends on "the source of the duty claimed to be violated." *State ex rel. William Ranni Assocs. v. Hartenbach*, 742 S.W.2d 134, 140 (Mo. 1987). If the source of the duty is the contract, then the failure to perform does not give rise to an independent tort. *Id.*

Plaintiffs allege that only negligence claims are barred when they overlap with breach of contract claims, not claims for intentional torts. Although one of the cases cited by defendants refers specifically to negligence claims, the other cases refer to tort claims generally. Nothing in the cases explicitly limits the applicability of the law to negligence claims.

Here, the relevant allegations remaining after deleting those pertaining to the individual defendants are that (1) defendant T.E.N. failed to supervise its employees' conduct to enable T.E.N. to comply with its promises made in the agreement; (2) defendant T.E.N. intentionally misrepresented its intentions, the facts, the business, and the assets when entering into the agreement; (3) defendant T.E.N. induced plaintiff Monopoly to rely on its misrepresentations and to enter into the agreement; and (4) defendant T.E.N. intentionally failed to communicate material facts to plaintiff Monopoly on the closing date.

Plaintiffs' tort claims arise solely out of obligations created by the contract itself. Absent the agreement between defendant T.E.N. and plaintiff Monopoly, defendant T.E.N. did not owe a duty to any plaintiff. All of plaintiffs' misrepresentation and fraud allegations relate to how defendant T.E.N. secretly operated the business and maintained the assets in a manner other than the usual and ordinary course through the closing date, a violation of a duty that was created by the parties' agreement. Plaintiffs' tort claims merely restate their breach of contract claims and are dismissed.

**C. Other Arguments**

Because the court finds that all claims should be dismissed other than plaintiff Monopoly's breach of contract claim against defendant T.E.N., the court need not reach defendants' other arguments for dismissal.

**IT IS THEREFORE ORDERED** that Defendants' Partial Motion to Dismiss (Doc. 15) is granted.

Dated this 17th day of September 2007, at Kansas City, Kansas.

>  **s/ Carlos Murguia**
>  **CARLOS MURGUIA**
>  **United States District Judge**