IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MONOPOLY ACQUISITIONS, LLC,** )<br>**ODESSA FORD, LLC, ODESSA** )<br>**CHRYSLER JEEP DODGE, LLC,** )<br>)<br>**Plaintiffs,** )<br>) <br>**v.** )<br>)<br>**T.E.N. INVESTMENTS, INC., et al.,** )<br>)<br>**Defendants.** )<br>) | CIVIL ACTION<br><br>No. 07-2161-CM |

## MEMORANDUM AND ORDER

This case is before the court on Plaintiffs' Motion for Review of Magistrate's Order Granting Defendant leave to File Amended Answer (Doc. 153). Plaintiffs Odessa Ford, LLC and Odessa Chrysler Jeep Dodge, LLC ("the Odessa plaintiffs") claim that Magistrate Judge O'Hara's order allowing defendant T.E.N. Investments, Inc. ("T.E.N.") to file an amended answer exceeded the authority granted to magistrates, erroneously declared and applied the law, and is otherwise clearly erroneous. The court disagrees.

The controversy in this case stems from an asset purchase and sale agreement between former plaintiff Monopoly Acquisitions, LLC ("Monopoly") and defendant T.E.N. Monopoly assigned its interests in the assets to the Odessa plaintiffs. The only remaining claim in the case is the Odessa plaintiffs' breach of contract claim against defendant T.E.N. The court has dismissed all other defendants and claims. Presently at issue is Judge O'Hara's order allowing defendant T.E.N. to amend its answer to include a claim for attorney fees. The Odessa plaintiffs argue that the order also had the effect of allowing defendant T.E.N. to cure pleading deficiencies—specifically, saving

defendant T.E.N. from being in default.

## I. Standard of Review

This court reviews magistrate orders granting dispositive relief under a *de novo* standard. 28 U.S.C. § 646(b)(1)(B). The court reviews a magistrate judge's decision on a nondispositive motion pursuant to the "clearly erroneous or contrary to law standard." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citing 28 U.S.C. § 636(b)(1)(A)). Plaintiffs argue that *de novo* review is appropriate here, as Judge O'Hara's order had a dispositive effect. The court need not resolve the issue, as the result is the same under either standard. The court will therefore analyze whether amendment is proper using *de novo* review.

## II. Amendment of Answer

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court has discretion whether to grant leave to amend, but should not deny leave without reason. *F. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987). The court may deny leave when the amendment would cause undue prejudice to the opposing party, when the movant has "unduly and inexplicably delayed" in requesting leave, when the movant acts on a "bad faith or dilatory motive," or when the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).

Here, defendant T.E.N. sought leave to amend over nine months after the deadline to file motions to amend pleadings; the deadline was August 1, 2007 and defendant T.E.N. filed its motion in May 2008. The court therefore must determine whether defendant has shown good cause under Rule 16(b)(4) for amending the scheduling order to allow the untimely motion. *See Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

-3-

There were two factors leading to defendant T.E.N.'s late request.  First, although the court amended the scheduling order twice at plaintiffs' request, each time extending other deadlines in the case, the court never extended the deadline for filing motions to amend pleadings.  This had the effect of requiring any amendments before discovery was completed.  Second, defendant T.E.N. claims that it was not aware that plaintiffs were bringing their claims under the indemnification portion of the agreement until April 4, 2008.  It is the indemnification portion of the agreement that references enforcement costs, including attorney fees.  In light of these two factors, the court determines that defendant T.E.N. had good cause for its late request.  The court therefore finds good cause for extending the scheduling order deadline.  Inherent in this finding is a determination that defendant did not demonstrate undue delay, bad faith, or dilatory motive.  The court further determines that amendment would not be futile.

Plaintiffs focus much of their argument on the prejudice that they anticipate they will suffer. They argue that defendant T.E.N. never answered the Odessa plaintiffs' breach of contract claim and that they were on the verge of filing a motion for default judgment as to liability.  Plaintiffs also contend that defendant T.E.N.'s amended answer will potentially allow defendant to seek attorney fees and costs against former plaintiff Monopoly.  In fact, after Judge O'Hara's ruling, defendant T.E.N. filed a motion to tax attorney fees and costs against former plaintiff Monopoly (Doc. 151).

Plaintiff's concerns do not merit relief.  First, while plaintiffs may have planned on filing a motion for default judgment, they had not yet done so.  And if they had filed it, they were not guaranteed relief, especially in light of the court's preference for resolving cases on their merits. Second, former plaintiff Monopoly may be prejudiced to some degree by having to defend defendant's claim that Monopoly must pay its attorney fees and costs.  At this time, however, the court does not speculate on whether defendant's motion for attorney fees and costs will be

meritorious.

After considering the factual situation of this case and the effect of amendment on the parties, the court determines that justice requires allowing defendant T.E.N. to amend its answer. Plaintiffs ask the court to reopen discovery to allow discovery on defendant's claim for relief if the court permits amendment. This court is not in a position to rule on plaintiffs' request, as it did not supervise discovery and is unfamiliar with the scope of discovery conducted. If plaintiffs wish to reopen discovery for this limited purpose, they should consult with defendant T.E.N. and attempt to reach agreement on whether additional discovery is warranted. Plaintiffs should then request relief, specifying whether it is opposed or unopposed, from Judge O'Hara.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Review of Magistrate's Order Granting Defendant leave to File Amended Answer (Doc. 153) is denied.

Dated this 22nd day of August 2008, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**