IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONOPOLY ACQUISITIONS, LLC, )
ODESSA FORD, LLC, and ODESSA )
CHRYSLER JEEP DODGE, LLC, )
)
        Plaintiffs, )
) CIVIL ACTION
v. ) No. 07-2161-CM
)
T.E.N. INVESTMENTS, INC., et al., )
)
        Defendants. )
)

**MEMORANDUM AND ORDER**

      This case is before the court on defendant's Motion to Tax Attorney's Fees and Costs against former plaintiff Monopoly Acquisitions, LLC (Doc. 151). Defendant T.E.N. Investments, Inc. ("T.E.N.") seeks over $300,000 in attorney's fees from the former plaintiff.

      On December 28, 2007, defendant T.E.N. filed a motion to dismiss the breach of contract claim of Monopoly Acquisitions, LLC ("Monopoly") for failure to claim damages. On January 18, 2008, Monopoly consented to dismissal of its breach of contract claim. The court dismissed Monopoly from the case without prejudice on February 5, 2008.

      On May 19, 2008, defendant T.E.N. first filed a motion for leave to file an amended answer to plaintiffs' complaint. Magistrate Judge O'Hara denied the motion without prejudice on May 20, and defendant filed an amended motion on May 22, 2008. Among other things, the amended answer sought to add a claim for attorney's fees and costs under the contract. Defendant T.E.N. contended that it had only recently learned that plaintiffs brought their breach of contract claim under a portion of the contract providing for enforcement costs. Judge O'Hara granted the motion to amend on June

2, 2008. Plaintiffs Odessa Ford, LLC and Odessa Chrysler Jeep Dodge, LLC ("the Odessa plaintiffs") timely objected to Judge O'Hara's order, and this court overruled their objection on August 22, 2008.

Former plaintiff Monopoly was no longer a party in this case when defendant T.E.N. amended its answer. At the time that Monopoly asked the court to dismiss its remaining claim, defendant's answer did not include a claim for attorney's fees and costs under the agreement. Monopoly therefore consented to dismissal of its claims under different circumstances than defendant T.E.N. now presents to the court.

Because of the procedural posture of the case at the time, the court did not formally mention Fed. R. Civ. P. 41(a)(2) in its order dismissing Monopoly. But Monopoly's dismissal was essentially a Rule 41(a)(2) dismissal—Monopoly merely consented to dismissal instead of initiating a request for dismissal. *Cf.* Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed *at the plaintiff's request* only by court order, on terms that the court considers proper.") (emphasis added). Under Rule 41(a)(2), the court may impose terms upon the dismissal of a plaintiff's claim, such as payment of attorney's fees or a limitation on the refiling of certain claims. *See Gonzales v. City of Topeka Kan.*, 206 F.R.D. 280, 283 (D. Kan. 2001) (citing 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2366, at 305–314 (1995)). When the court decides to impose such terms, it must give the plaintiff an opportunity to withdraw its request for dismissal. *See id.*

The court did not impose any terms on the dismissal of Monopoly's remaining claim, and declines to do so now. Although the case remained open for defendant T.E.N. to amend its answer, arguably the case should have been closed upon Monopoly's dismissal. *See* Doc. 48, at 8 ("[T]he court finds that all claims should be dismissed other than plaintiff Monopoly's breach of contract

-2-

claim against defendant T.E.N."). Had Monopoly been the only plaintiff, defendant would not have had the opportunity to make the additional claim after dismissal. In the interest of justice, the court determines that defendant's claims against Monopoly were frozen at the time of dismissal. Any later amendment of defendant T.E.N.'s answer did not affect Monopoly because Monopoly was no longer a party. Based on defendant T.E.N.'s present motion, the court therefore will not award defendant T.E.N. attorney's fees and costs pursuant to the contract.

**IT IS THEREFORE ORDERED** that defendant's Motion to Tax Attorney's Fees and Costs against former plaintiff Monopoly Acquisitions, LLC (Doc. 151) is denied.

Dated this 8th day of December 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**