IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MONOPOLY ACQUISITIONS, LLC,** )<br>**ODESSA FORD, LLC, and ODESSA** )<br>**CHRYSLER JEEP DODGE, LLC,** )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　**Plaintiffs,** )<br>　　　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>**T.E.N. INVESTMENTS, INC., et al.,** )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　**Defendants.** )<br>　　　　　　　　　　　　　　　　　　　) | **CIVIL ACTION**<br>No. 07-2161-CM |

## **MEMORANDUM AND ORDER**

This case is before the court on two competing motions for summary judgment: Defendant's Motion for Summary Judgment (Doc. 149) and the Motion for Partial Summary Judgment on Behalf of Odessa Plaintiffs Regarding Liability Only (Doc. 158). In its motion, defendant raises a threshhold issue that the court must address before considering the merits of plaintiffs' remaining claim against defendant. That issue is whether plaintiffs Odessa Ford, LLC and Odessa Chrysler Jeep Dodge, LLC (the "Odessa plaintiffs")—the only remaining plaintiffs in the case—have "standing" to bring a breach of contract claim against defendant T.E.N. Investments, Inc. ("T.E.N.")—the only remaining defendant in the case.

For purposes of this Memorandum and Order, it is unnecessary to recount the detailed allegations of wrongdoing. Generally, plaintiffs allege that defendant T.E.N. entered into an asset sale and purchase agreement with former plaintiff Monopoly Acquisitions, LLC ("Monopoly") "or assigns." Per the agreement, defendant T.E.N. sold Monopoly the assets associated with its automotive sales business. Plaintiff Monopoly assigned its interests in the assets to the Odessa

...

plaintiffs. In the agreement, defendant T.E.N. expressly represented that it "shall continue to operate the Business and shall continue to maintain the Assets in the usual and ordinary course," but plaintiffs allege that defendant T.E.N. secretly engaged in a massive build-up of inventory, effecting a material change in assets and the operation of the business. The Odessa plaintiffs maintain that they have one remaining claim in the case—a breach of contract claim.

Whether the Odessa plaintiffs properly brought a breach of contract claim against defendant T.E.N. is debatable. Defendant T.E.N. argues that only former plaintiff Monopoly brought a breach of contract claim in the complaint. The court dismissed Monopoly's claim upon Monopoly's consent to dismissal in February 2008. Prior to that time, the court had stated in an order that "the court finds that all claims should be dismissed other than plaintiff Monopoly's breach of contract claim against defendant T.E.N." (Doc. 48, at 8.) The Odessa plaintiffs did not ask the court to alter or amend the court's order to reflect their own claim for breach of contract. But they continued participating in the case, and defendant T.E.N. generally continued to acknowledge them as plaintiffs.[1] Then, when the Odessa plaintiffs included a breach of contract claim in the pretrial order, defendant T.E.N. objected to the claim's inclusion and filed the instant motion. The court now faces the somewhat awkward question of whether this case should have been closed nearly ten months ago, when defendant Monopoly was dismissed from the case. Nevertheless, the court need not resolve this issue, because even if the Odessa plaintiffs originally alleged a claim for breach of contract and properly included it in the pretrial order, they are not the proper party to proceed to trial on the claim.

---

[1] In at least one filing, defendant T.E.N. mentioned in a footnote that "the only claim remaining is Monopoly's breach of contract claim against T.E.N." (Doc. 66, at 1 n.1.) In other filings, however, defendant T.E.N. referred to "plaintiffs" in the plural.

The underlying contract at the root of this case is between defendant T.E.N. and former plaintiff Monopoly "or assigns." In the contract, Monopoly reserved the right to "assign its rights and delegate its obligations to an entity organized and controlled by or affiliated with it or Christopher S. Payne, individually or as Trustee." The contract clearly contemplated that Monopoly had the ability to assign its rights—and Monopoly did, in fact, assign its interests in the assets identified in the contract. But the critical issue here is whether Monopoly assigned any other rights under the contract to the Odessa plaintiffs. Absent such assignment, the Odessa plaintiffs cannot enforce the contract.

The Odessa plaintiffs filed a declaration signed by Mr. Payne that states, "Contemporaneous with the Ford Closing Date, Buyer assigned its rights under the Agreement to the respective franchised dealers." Mr. Payne's declaration, however, is inconsistent with other evidence and actions in the case. Specifically, in deposition, Mr. Payne was cross-examined regarding Monopoly's transfer of assets to the Odessa plaintiffs. At that time, he did not suggest that Monopoly transferred any additional rights. Defendant T.E.N.'s First Interrogatories asked plaintiffs to "identify on what date and under what circumstances Monopoly Acquisitions assigned its interest under the Agreement to Odessa Ford and Odessa Chrysler, and the interest acquired by Odessa Ford and Odessa Chrysler, respectively." In response, plaintiffs identified only Monopoly's assignment of the assets. The Ford Closing Date was November 14, 2005. Because plaintiffs answered the interrogatories and Mr. Payne testified in deposition after that date, the court fails to see why they did not disclose that Monopoly had assigned other rights under the contract if Monopoly had, in fact, done so in 2005.

Plaintiffs' actions are also inconsistent with Mr. Payne's declaration. On December 29, 2006, Monopoly notified defendant T.E.N. by letter of its claim of breach of contract. If Monopoly

-3-

had assigned its rights in November 2005, the Odessa plaintiffs would have been the proper entities to send the demand letter—not Monopoly.  Monopoly then asserted a breach of contract claim in this case, which is also inconsistent with an assignment of rights.  As recently as June of 2008, Monopoly represented:

> Monopoly chose not to [continue to] pursue its claim of breach of contract because of the assignment to the Odessa plaintiffs and its unwillingness to allow defendant to peruse all of its financial information unrelated to this matter pursuant to the overbroad subpoena that defendant served on Monopoly's bank and the oppressive discovery served on Monopoly by defendant.  Monopoly could have remained a party and only sought nominal damages under Missouri law but simply chose to get out since there was no claim for enforcement costs.  *Evans v. Werle*, 31 S.W.3d 489, 493 (Mo. App.  W.D. 2000) (breach of contract gives rise to nominal damages).  This strategic decision had nothing to do with the merits of Monopoly's claim, but reflected its unwillingness to share all of its financial information with defendant or otherwise participate in scorched earth discovery.

(Doc. 160, at 2.)  Monopoly also asked the court to allow it to re-enter the case to pursue nominal damages if the court considered granting defendant's pending motion for attorney fees and costs.

Defendant T.E.N. asks the court to disregard Mr. Payne's statement because it is an attempt to create a sham fact issue.  In determining whether to consider Mr. Payne's statement in his declaration, the court notes that contradictions found in a witness's testimony are not, in themselves, sufficient to preclude such testimony.  *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 973 (10th Cir. 2001).  But a court will disregard a declaration when it constitutes an attempt to create a sham fact issue.  *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986).  Factors relevant to the existence of a sham fact issue include (1) whether the declarant was cross-examined during his earlier testimony, (2) whether the declarant had access to the pertinent evidence at the time of his earlier testimony or whether the declaration was based on newly-discovered evidence, and (3) whether the earlier testimony reflects confusion that the affidavit attempts to explain.  *Id.*

Here, none of the factors suggest that Mr. Payne (1) merely misspoke earlier, (2) newly

discovered that Monopoly had assigned rights under the contract, or (3) was confused about whether Monopoly assigned anything other than its interests in the assets.  In short, there is no logical explanation why, if Monopoly had assigned more than just its interests in the assets, Mr. Payne failed to disclose this information earlier.  The court considers his declaration an attempt to create a sham fact issue, and disregards the statement about Monopoly's assignment of rights.  Once this statement is disregarded, plaintiffs have no evidence that Monopoly assigned its contractual rights to the Odessa plaintiffs.

Plaintiffs alternatively argue that the Odessa plaintiffs are third-party beneficiaries of the contract.  But this is the first time that plaintiffs have raised this theory, and they failed to preserve it in the pretrial order.  "A plaintiff cannot escape the binding effect of the pretrial order by raising new issues in a response to the defendant's motion for summary judgment."  *Hullman v. Bd. of Trustees*, 732 F. Supp. 91, 93 (D. Kan. 1990) (citing *Bieber v. Associated Collection Servs., Inc.*, 631 F. Supp. 1410, 1414 (D. Kan. 1986)).  The argument is therefore waived.

The Odessa plaintiffs also argue that they are parties to the contract because (1) the language of the contract shows the parties' intent that the Odessa plaintiffs would become parties to the contract; (2) the Odessa plaintiffs were signatories to the second amendment to the agreement; (3) Odessa Chrysler Dodge Jeep, LLC signed a management agreement; (4) Monopoly assigned its rights in the assets to the Odessa plaintiffs by written documents; (5) "the practical construction of the parties" shows that they are parties; and (6) "the facts surrounding the creation of these two entities and the application process with Ford and Chrysler" show that they are parties.  Again, plaintiffs did not preserve this argument in the pretrial order and therefore waived it.  *See id.*  In any event, none of these considerations can override the plain language of the contract.  The contract is between former plaintiff Monopoly and defendant T.E.N.  It grants Monopoly the right to assign its

rights under the contract but does not, by its terms, create rights or obligations under the contract for the Odessa plaintiffs. Absent evidence of an assignment, the Odessa plaintiffs have no right to enforce the contract.

The parties refer to the Odessa plaintiffs' right to enforce the contract as a "standing" issue. Although the term "standing" is used loosely in many contexts to denote the party with a right to bring a particular cause of action, "'standing pertains to suits brought by individuals or groups challenging governmental action which has allegedly prejudiced their interests. On the other hand, the real party in interest question is raised in those much rarer instances between private parties where a plaintiff's interest is not easily discernible.'" *Fed. Deposit Ins. Corp. v. Bachman*, 894 F.2d 1233, 1235 (10th Cir. 1990) (citation omitted). Here, the Odessa plaintiffs are not the real party in interest in this case.

Fed. R. Civ. P. 17 requires that an action be prosecuted in the name of the real party in interest. But a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17.

This case presents the unique situation where the real party in interest—Monopoly— formerly was a party in the case but voluntarily dismissed its claims. Despite Monopoly's voluntary dismissal, the court will give the former party five business days from the date of this order to determine whether it desires to rejoin the case. At this time, the court denies defendant T.E.N.'s motion for summary judgment. After five business days, if Monopoly has not notified the court that it wishes to rejoin the case, the court will dismiss the action without further motion by defendant T.E.N.

-7-

The court's ruling here renders the motion to exclude expert testimony at trial (Doc. 181) and the related motion to file a surreply (Doc. 186) moot.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 149) is denied.

**IT IS FURTHER ORDERED** that the Motion for Partial Summary Judgment on Behalf of Odessa Plaintiffs Regarding Liability Only (Doc. 158) is denied.

**IT IS FURTHER ORDERED** that former plaintiff Monopoly notify the court within five business days of the date of this order if it wishes to rejoin the case as a plaintiff.

**IT IS FURTHER ORDERED** that defendant's Motion to Exclude Christopher Payne's Lay Opinion Damages Testimony at Trial (Doc. 181) and the related Plaintiffs' Motion for Leave to File Surreply to Defendant's Reply Brief in Support of Motion to Exclude Christopher Payne's Lay Opinion Damages Testimony at Trial (Doc. 186) are denied as moot.

Dated this <u>8th</u> day of December 2008, at Kansas City, Kansas.

                                  **s/ Carlos Murguia**
                                  **CARLOS MURGUIA**
                                  **United States District Judge**