IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ODESSA FORD, LLC et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) No: 07-2161-KHV |
| T.E.N. INVESTMENTS, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

On December 16, 2008 the Court entered an order dismissing this case (Doc. #200) and on December 17, 2008 it entered judgment for defendants. (Doc. #202). On February 13, 2009 the Clerk taxed costs of $21,866.32 against plaintiffs. This matter is before the Court on Odessa Ford, LLC and Odessa Jeep Chrysler Dodge, LLC's Motion to Retax Costs and Memorandum in Support (Doc. #214) and Non-Party Monopoly Acquisitions, LLC's Motion to Retax Costs and Memorandum in Support (Doc. #215), both filed February 20, 2009. Odessa Ford, LLC and Odessa Jeep Chrysler Dodge, LLC (the "Odessa plaintiffs") ask the Court to review the action of costs taxed against them. See Bill of Costs (Doc. #211) filed February 13, 2009 and Costs Taxed (Doc. #213) entered February 13, 2009. Monopoly asks the Court to award costs only against the Odessa plaintiffs and not against it.

**I.     Monopoly's Motion to Retax Costs**

Monopoly asks the Court to retax costs so that all costs are assessed against the Odessa plaintiffs and no costs are awarded against it. Monopoly contends that T.E.N.'s bill of costs is untimely as to it and that T.E.N. has therefore waived its right to recover costs from Monopoly. Further, to the extent the Court finds otherwise, Monopoly joins the Odessa plaintiffs' argument that certain costs are not taxable and asks the Court to order T.E.N. to submit a separate bill of costs

-1-

related to its defense of Monopoly's claim.

Monopoly principally contends that no costs should be taxed against it because the Court did not award costs when it dismissed Monopoly under Rule 41(a)(2), Fed. R. Civ. P. and that to award costs now would be untimely. The Court agrees.

Rule 41(a)(2) gives the Court discretion to impose terms and conditions upon a voluntary dismissal. Gonzalez v. City of Topeka, Kansas, 206 F.R.D. 280, 282 (D. Kan. 2001). Typically, the terms and conditions include the payment of taxable costs, but plaintiff must receive a reasonable opportunity to withdraw its consent to dismissal if it finds the conditions unacceptable or too onerous. Id. at 283. Because T.E.N. did not request that Monopoly be required to pay taxable costs as a condition of dismissal, Rule 41(a)(2) prevents T.E.N. from now recovering costs. Accordingly, Monopoly's motion to retax costs only against the Odessa plaintiffs is sustained.

**II. The Odessa Plaintiffs' Motion to Retax Certain Costs**

Rule 54(d), Fed. R. Civ. P., authorizes taxation of costs and 28 U.S.C. § 1920 governs the subject of costs.[1] The prevailing party has the burden to prove that the expenses sought to be taxed fall within the categories of allowable costs. Scheufler v. General Host Corp., No. 91-1053, 1998 WL 754614, *1 (D. Kan. May 14, 1998). If the prevailing party carries this burden, Rule 54(d)(1),

---

[1] Rule 54(d)(1), Fed. R. Civ. P. states in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."

28 U.S.C. § 1920 states in relevant part:

A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

related to its defense of Monopoly's claim.

Monopoly principally contends that no costs should be taxed against it because the Court did not award costs when it dismissed Monopoly under Rule 41(a)(2), Fed. R. Civ. P. and that to award costs now would be untimely. The Court agrees.

Rule 41(a)(2) gives the Court discretion to impose terms and conditions upon a voluntary dismissal. Gonzalez v. City of Topeka, Kansas, 206 F.R.D. 280, 282 (D. Kan. 2001). Typically, the terms and conditions include the payment of taxable costs, but plaintiff must receive a reasonable opportunity to withdraw its consent to dismissal if it finds the conditions unacceptable or too onerous. Id. at 283. Because T.E.N. did not request that Monopoly be required to pay taxable costs as a condition of dismissal, Rule 41(a)(2) prevents T.E.N. from now recovering costs. Accordingly, Monopoly's motion to retax costs only against the Odessa plaintiffs is sustained.

**II.    The Odessa Plaintiffs' Motion to Retax Certain Costs**

Rule 54(d), Fed. R. Civ. P., authorizes taxation of costs and 28 U.S.C. § 1920 governs the subject of costs.[1] The prevailing party has the burden to prove that the expenses sought to be taxed fall within the categories of allowable costs. Scheufler v. General Host Corp., No. 91-1053, 1998 WL 754614, *1 (D. Kan. May 14, 1998). If the prevailing party carries this burden, Rule 54(d)(1),

---

[1] Rule 54(d)(1), Fed. R. Civ. P. states in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."

28 U.S.C. § 1920 states in relevant part:

A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

creates a presumption that the prevailing party will receive costs, which should therefore be allowed as a matter of course unless the Court otherwise directs. <u>Caddell v. Citibank, Delaware</u>, No. 04-2403-KHV, 2006 WL 2398701, *1 (D. Kan. Aug. 10, 2006). The Court reviews de novo the Clerk's assessment of costs, and it is reversible error to deny costs without stating the specific reason for doing so. <u>Id.</u>

The Odessa plaintiffs argue that many of the items in T.E.N.'s bill of costs are not "costs" as defined under Section 1920 or are not sufficiently itemized and documented to support an award. Specifically, the Odessa plaintiffs move to retax costs on the following grounds:

(1) T.E.N. did not need to serve three separate corporate subpoenas on Ford Motor Credit – one should have sufficed;

(2) T.E.N. did not need to serve subpoenas on Blue Ridge Bank, Midwest United Credit Union or First National Bank because those subpoenas sought records about Monopoly, which had been dismissed;

(3) the depositions of Keith Polsinelli, Gary Baack and Larry Wilson were either unnecessary or were for discovery purposes;

(4) T.E.N. did not need deposition transcripts for Star Ragon, Angie Frye, Robert Brents, Kevin Killilea or Christopher Payne after Monopoly was dismissed,[2] and even if the transcripts were necessary, T.E.N. did not need both original and certified copies;

(5) T.E.N. failed to document actual payment of $121.43 in requested witness fees;

(6) T.E.N. did not need to serve a trial subpoena on Nathan Parker on November 18, 2008, when cross motions for summary judgment were pending and trial was not scheduled until January

---

[2] The Odessa plaintiffs ask that with respect to deposition transcripts, the Court only tax $1177.00 minus an unspecified amount for an extra certified copy of Payne's first deposition. They do not specifically object, however, to costs for the transcript of Nathan K. Parker or the second transcript of Star Ragon.

of 2009;

(7) documents which T.E.N. obtained from Midwest United Credit Union and First National Bank of Missouri were not necessary because Monopoly had already been dismissed, and the copies were made solely for T.E.N.'s convenience;

(8) T.E.N. improperly failed to itemize $1,663.00 for "miscellaneous copies of documents;"

(9) T.E.N. is not entitled to costs incurred for converting documents into word-searchable electronic format;

(10) videographer fees were unnecessary and duplicative because T.E.N. had stenographic transcripts of video depositions, particularly with respect to Star Ragon, Angie Frye, Robert Brents, Kevin Killilea, Keith Polsinelli, Gary Baack and the second and third depositions of Christopher Payne;

(11) T.E.N. is not entitled to copies of video depositions made for its convenience; and

(12) T.E.N. should not receive costs for "MPEG DVD & Synchronization" of the videotaped depositions for the Trial Director program, which was done for T.E.N.'s convenience.

### 1.     Summons and Subpoenas: Ford Motor Credit

The Odessa plaintiffs object that $80.00 which T.E.N. incurred in serving multiple subpoenas on Ford Motor Credit branches should be disallowed. T.E.N. responds that despite its best efforts to determine what Ford Motor Credit branch to serve, two branches rejected service so it served three separate locations.

In their reply brief, the Odessa plaintiffs argue for the first time that the Ford Motor Credit subpoenas should be disallowed because in a completely separate case, counsel for T.E.N. argued (unsuccessfully) that similar subpoenas for records depositions should not be taxable. See Seyler v. Burlington North. Santa Fe Corp., No. 99-2342-KHV, 2006 WL 3772312, *2 (D. Kan. Dec. 20, 2006). The Odessa plaintiffs also argue for the first time that the costs should be disallowed because

-4-

T.E.N. provided no evidence that it paid a private process server less than the U.S. Marshal's service would have charged, that U.S. Marshal's service would not "likely" have charged more than one fee for delivering a subpoena to different locations and that Ford Motor Credit would "likely" not have rejected a valid subpoena tendered by the Marshal's service. See Doc. #219 at 2-3.

The Court does not ordinarily address issues or arguments raised for the first time in a reply brief. Stump v. Gates, 211 F.3d 527, 533 (10th Cir. 2000). In any event, the Court may tax "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1), Seyler, 2006 WL 3772312 at *2. Service fees to private process servers are generally taxable up to the amount that would have been incurred if the U.S. Marshal's office had effected service. Id. At the relevant time, the U.S. Marshals charged $45.00 per hour plus expenses, which is more than the amount taxed for the Ford Motor Credit subpoenas. See 28 C.F.R. § 0.114 (Aug. 4, 2000). The Court finds that the three subpoenas were not wasteful, that the amounts charged did not exceed the statutory amount charged by the U.S. Marshals and that the Clerk therefore properly taxed $120.00.

**2.   Summons and Subpoenas: Blue Ridge Bank, Midwest United Credit Union, and First National Bank**

The Odessa plaintiffs further object that $205.00 which T.E.N. incurred in serving record subpoenas on Blue Ridge Bank, Midwest United Credit Union and First National should be disallowed because the subpoenas sought records of Monopoly. T.E.N. responds it was necessary to subpoena the records to determine (among other things) whether Monopoly and the Odessa plaintiffs made representations about the Odessa plaintiffs' relationship to the deal between Monopoly and T.E.N. when they sought financing from them.

The Court disagrees with the argument that the subpoenas on Midwest United Credit Union, First National Bank and Blue Ridge Bank were unnecessary. See Kansas Teachers Credit Union v. Mutual Guar. Corp., 982 F.Supp. 1445, 1447-48 (D. Kan. 1997). Accordingly, the Clerk properly

taxed the costs.

### 3. Fees of the Court Reporter for Depositions

T.E.N. seeks $8879.70 for court reporter fees.[3] The Court may tax "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2), Seyler, 2006 WL 3772312 at *2. Absent extraordinary circumstances, the costs of taking and transcribing depositions reasonably necessary for litigation are generally awarded to the prevailing party. Id. (citing Callicrate v. Farmland Indus., Inc., 139 F.3d 1336, 1339 (10th Cir.1998)). The depositions need not be "strictly essential to the court's resolution of the case." Id. Necessity in this context means a showing that the materials were used in the case and served a purpose beyond merely making the task of counsel and the trial judge easier. See id. (citing U.S. Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1245 (10th Cir.1988)). Depositions which were purely investigatory in nature are not taxable, but deposition expenses may be taxed if the deposition reasonably appeared necessary at the time it was taken. Kansas Teachers, 982 F.Supp. at 1447.

The Odessa plaintiffs object to $1884.90 for three depositions which T.E.N. allegedly took for unnecessary discovery purposes. They incorrectly claim that the deposition transcripts were not entered into evidence or attached as exhibits to any motion. T.E.N. responds that it deposed Larry Wilson to prepare for trial because Monopoly and the Odessa plaintiffs identified him in discovery as an individual having information relevant to the case. T.E.N. correctly notes that both it and the Odessa plaintiffs attached portions of his deposition transcript as exhibits to various briefs. T.E.N. further responds that though their deposition transcripts were not ultimately used in the case, it had to depose Keith Polsinelli and Gary Baack to prepare for trial because Monopoly and the Odessa

---

[3] T.E.N.'s deposition invoices total $8850.70. The Clerk taxed $8850.70 after disallowing $29.00 due a mathematical error.

plaintiffs had identified them in discovery as individuals having knowledge relevant to the case. The Court finds that plaintiffs' argument does not overcome the presumption in favor of taxing the costs of these depositions.

### 4. Fees of the Court Reporter for Transcripts

The Odessa plaintiffs object to $2083.75 for transcripts which T.E.N. ordered after the Court dismissed Monopoly. They contend that these depositions were no longer relevant to T.E.N.'s theory of the case. T.E.N. responds that the depositions reasonably appeared to be necessary to prepare for trial at the time they were taken, that the Odessa plaintiffs themselves noticed two of the depositions for which T.E.N. now seeks costs, and that all of the transcripts were included as evidentiary support for various motions. The Court finds that plaintiffs' argument does not overcome the presumption in favor of taxing the costs of these depositions.

The Odessa plaintiffs also object to T.E.N.'s request for transcript-related court reporter fees because the invoices demonstrate that T.E.N. obtained two certified transcript copies but do not itemize the costs per copy. Plaintiffs asks the Court to disallow these costs because the court reporter invoices give a total amount without detailing whether non-recoverable services were provided. T.E.N. incorrectly responds that courts allow costs for more than one transcription, and makes no effort to provide itemizations from which the Court can ascertain whether non-recoverable services were included.

The Court allows the cost of one transcript for each deposition, but not items for the convenience of counsel such as minuscripts, keyword indices, ASCII disks, exhibits, postage and delivery. Treaster v. HealthSouth Corp., 505 F.Supp.2d 898, 904 (D. Kan. 2007). The party seeking costs has the burden to establish the amount of costs to which it is entitled, and a party who intends to recover costs if it prevails at trial should require its vendors to present itemized invoices which

permit the clerk and the court to distinguish recoverable and non-recoverable items. Id. T.E.N. has not bet its burden to establish that the following deposition amounts consist of fees "of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" rather than convenience items which are not recoverable: Keith Polsinelli ($571.40); Larry Wilson ($714.00); Christopher Payne ($1,177.00); Christopher Payne ($1,366.00); Christopher Payne ($1292.30); Star Ragon ($656.50); Angie Frye ($698.50); Nathan Parker ($575.00); Star Ragon ($471.50); and Gary Baack ($599.50). Because T.E.N. provided no itemization for these items, the Court in its discretion reduces by 50 per cent the invoiced amounts for each deposition. See, e.g. id. (disallowing all deposition costs not itemized); Seyler, 2006 WL 3772312 at *5 (where record insufficient to tax all copying costs, court imposed 25% discretionary reduction rather than full disallowance or further itemization). The Court rejects plaintiffs' challenge to the deposition costs for Robert Brents ($175.75) and Kevin Killilea ($553.25) because each invoice clearly states it is for one certified copy of the transcript, which is properly taxable. See id. The amounts taxed as fees for the court reporter should therefore be reduced by $4060.85 to a total of $4789.85.

### 5. Fees for Witnesses: Documentation of Payment

T.E.N. seeks $232.49 in witness fees. The Court may tax fees for witnesses. 28 U.S.C. § 1920(3); Seyler, 2006 WL 3772312 at *4. The Odessa plaintiffs contend that witness fees should be disallowed because T.E.N. did not properly document actual payment of $121.43 of the requested fees. The $77.00 subpoena fee for Nathan Parker to which plaintiffs object is addressed in section II.8, infra. T.E.N. responds by providing additional documentation regarding the $121.43. This documentation is sufficient and the Court therefore allows those fees.

### 6. Fees for Witnesses: Trial Subpoena

The Odessa plaintiffs also claim that T.E.N. unnecessarily spent $77.00 to serve a trial

subpoena on November 18, 2008 when trial was set for January, 2009 and cross motions for summary judgment were pending. While T.E.N. attached $77.00 invoiced for service of that subpoena, the $77.00 amount is not included in the $380.00 which T.E.N. seeks for summons and subpoena fees, the $232.49 which it seeks for witness fees, or any other category for which T.E.N. seeks fees. The $77.00 was neither requested nor taxed and this objection is moot.

### 7.     Fees and Disbursements for Exemplification and Copies

T.E.N. seeks $1615.00 in fees for exemplification and copies of papers necessarily obtained for use in the case. "Fees for exemplification and copies of papers necessarily obtained for use in the case" are taxable under Section 1920(4). See, e.g., Treaster, 505 F.Supp.2d at 904-905. Copies are "necessarily obtained" within the meaning of Section 1920(4) when procurement was reasonably necessary to the prevailing party's preparation of the case. Id. Materials are not "necessarily obtained" when they merely add to the convenience of the parties. Callicrate v. Farmland Indus., Inc., 139 F.3d 1336, 1340 (10th Cir. 1998). The party seeking copy costs bears the burden to establish that copy costs satisfy this standard. Id.

The Odessa plaintiffs object to T.E.N.'s request for $1615.00 to obtain and copy documents from Midwest United Credit Union and First National Bank of Missouri. Specifically, they argue that T.E.N. did not properly document these expenses and that the copies were of Monopoly financial records and were not necessary after the Court dismissed Monopoly. T.E.N. responds that it sought the documents to determine what representations Payne had made about the transaction between T.E.N. and Monopoly and the Odessa plaintiffs' role in it. T.E.N. further responds that First National Bank of Missouri charged $25.00 per hour for three hours of personnel time to locate and compile 683 pages of responsive documents, which it copied at $2.00 per page, and that Midwest United Credit Union charged $174.00 to copy 339 pages of records. T.E.N. does not

-9-

explain whether or how any of these 1,022 pages were reasonably necessary to its case. Absent a more detailed accounting or explanation, the Court cannot find that these expenses were incurred for anything more than the curiosity or convenience of counsel, to enable counsel to review documents at a location of its choosing rather than at a bank location. Accordingly, the Court disallows the entire $1615.00 sought for exemplification and copy fees.

### 8. Fees and Disbursements for Printing "Miscellaneous Copies of Documents"

T.E.N. seeks $5013.13 in fees and disbursements for printing, which are taxable under Section 1920(3).[4] The Odessa plaintiffs object that T.E.N. does not sufficiently document $1663.50 in internal copy charges for "miscellaneous copies of documents." T.E.N. argues that counsel incurred this expense in copying or printing approximately 8,320 pages of deposition exhibits, attachments to motions and briefs filed in the case, documents produced to plaintiffs and "other copies necessary to defend against plaintiffs' claims." See Doc. #216 at 11. Counsel's invoice and reply do not identify the per-page printing or copying rate, however, and the lack of itemization makes it impossible for the Court to ascertain whether non-taxable items were included. While T.E.N. need not furnish a description of copy expenses which is so detailed as to make it economically impossible to recover photocopying costs, a complete lack of detail makes it impossible for the Court to determine whether the costs were reasonably necessary to present the case. Seyler, 2006 WL 3772312 at *5. The Court recognizes, as it did in Seyler, that a further itemization would only escalate the already exorbitant costs for all the parties and it therefore declines to order one. Id. Absent an itemized statement, the Court has discretion to reduce counsel's stated costs based on its own experience and knowledge of the case. Id. Based on the

---

[4] After reviewing T.E.N.'s itemization, it appears to the Court that many of these items fall more properly within the "exemplification and copies" category.

Court's knowledge of the extent of discovery, the number of pages filed by T.E.N., the pretrial order, motions to dismiss, motions for summary judgment and other filings, the Court finds that roughly 50 per cent of counsel's internal copying cost was for counsel's convenience and not reasonably necessary to present the case. Accordingly, the Court awards $831.80 for internal copy costs.

### 9. Fees and Disbursements for Printing: Digitizing Documents

T.E.N. also objects to $3349.63 to digitize documents into a word-searchable format. With respect to the $3349.63 in third-party printing and copy charges, the Court finds that the invoices which T.E.N. has provided show that the amount charged by Lexsum ($1095.42) was incurred for counsel's convenience and should be disallowed.[5] Further, the documentation and explanation for copy charges incurred by IKON ($2251.21) is so deficient that in its discretion, the Court disallows the full amount.[6] See, e.g., Battenfeld of America Holding Co., Inc. v. Baird, Kurtz & Dobson, 196 F.R.D. 613, 617 (D. Kan. 2000) (disallowing $28,813.88 in requested copy fees not sufficiently invoiced or described).

### 10. Other Costs: Videographer Fees

T.E.N. seeks $5835.00 in costs associated with videographer fees. The Clerk taxed $5795.00 after disallowing $40.00 for shipping and handling charges. The Odessa plaintiffs object to the videographer fees because T.E.N. has not explained why it was necessary to obtain both videotapes

---

[5] This includes $782.84 to consolidate information provided by plaintiffs onto a single CD to make the documents electronically searchable, $16.16 to burn a CD with a "working copy" of documents produced by plaintiffs and $286.42 to make documents electronically searchable and to burn three copies of CDs.

[6] T.E.N. attaches to its initial bill of costs no invoice for the $2254.21 in IKON charges. It merely describes these charges as charges incurred for copies of "documents obtained from Plaintiffs during discovery and conversion of such documents into unusable [sic] form."

-11-

and transcriptions for witnesses who were able to testify at trial.  Alternatively, the Odessa plaintiffs argue that $5602.30 should be disallowed because the depositions were not necessarily obtained for use in the case.

Under 28 U.S.C. § 1920(2), a party may recover costs of video depositions, including the costs of the transcript and the videotape, that are necessary for the litigation. See Seyler, 2006 WL 3772312 at *2.  (citing Tilton v. Cap. Cities/ABC, Inc., 115 F.3d 1471, 1477 (10th Cir.1997)).  In the absence of use at trial, "the prevailing party must show that the facts known when the deposition was taken made it appear reasonably necessary to record the deposition on videotape."  Griffith v. Mt. Carmel Medical Ctr., 157 F.R.D. 499, 503 (D. Kan. 1994).  The Court previously determined that the depositions were necessarily obtained for use in the case and therefore allows the expense.

### 11.    Other Costs: Convenience Copies

The Odessa plaintiffs object that T.E.N. seeks $170.00 for convenience copies of video depositions.  The Court agrees with plaintiffs that the $170.00 apparently charged for convenience copies should be disallowed.[7]

### 10.    Other Costs:  MPEG DVD & Synchronization

Finally, the Odessa plaintiffs object to $2043.75 for MPEG DVD and synchronization of each deposition.  The Court finds that these charges appear to be reasonably related to the preparation of the video transcript for use at trial.  See Seyler, 2006 WL 3772312 at *4.  The Court therefore allows the expense.

---

[7]    It appears that the videographer charged for tapes based on the length of the deposition, which suggests that a single tape may hold only a limited amount of information and that multiple tapes would be necessary for longer depositions.  T.E.N. does not argue that this is the case and provides no evidence to contradict the Odessa plaintiffs' characterization.  The Court therefore accepts the Odessa plaintiffs' characterization as true.

**III.    Summary**

Based upon the above rulings, the Court directs that costs should be taxed against the Odessa plaintiffs in the following amounts:

| | |
|---|---|
| Summons and Subpoenas: | $    380.00 |
| Fees of the Court Reporter: | $ 4,789.85 |
| Fees for Witnesses: | $    232.49 |
| Fees and Disbursements for Printing: | $        0.00 |
| Fees for Exemplification and Copies: | $    831.80 |
| Other Costs (Videographer fees): | $ 5,625.00 |
| TOTAL: | $11,859.14 |

**IT IS THEREFORE ORDERED** that Non-Party Monopoly Acquisitions, LLC's Motion to Retax Costs and Memorandum in Support (Doc. #215), filed February 20, 2009 be and is hereby **SUSTAINED**.

**IT IS FURTHER ORDERED** that Odessa Ford, LLC and Odessa Jeep Chrysler Dodge, LLC's Motion to Retax Costs and Memorandum in Support (Doc. #214) filed February 20, 2009 be and hereby is **SUSTAINED** in part.  The Court awards $11,859.14 in costs taxed in favor of defendant T.E.N. and against plaintiffs Odessa Ford, LLC and Odessa Jeep Chrysler Dodge, LLC.

Dated this 10th day of June, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
